UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JARED REYNOLDS-MOHLER,

                         Plaintiff,                **COMPLAINT**

        -against-                      **JURY TRIAL DEMANDED**

FUTURE MOTION, INC. and SUP  RENTS LLC,

                         Defendant.

-------------------------------------------------------------X

        Plaintiff JARED REYNOLDS-MOHLER, by his attorneys HALPERIN,

HALPERIN & WEISKOPF, PLLC., complaining of the defendants herein, allege as follows:

**THE PARTIES**

        1.      At all times hereinafter mentioned, plaintiff JARED REYNOLDS-

MOHLER was and still is a citizen of the State of New York, residing in the City of New York,

County of Kings and State of New York.

        2.      Upon information and belief, at all times hereinafter mentioned,

defendant FUTURE MOTION, INC. was and still is a foreign corporation duly authorized to do

business in the State of New York, having its principal office for the transaction of business in

the City of Santa Cruz, County of Santa Cruz and State of California.

        3.      Upon information and belief, at all times hereinafter mentioned,

defendant FUTURE MOTION, INC. transacted and conducted business in the State of New

York.

        4.      Upon information and belief, at all times hereinafter mentioned,

defendant FUTURE MOTION, INC. derived substantial revenue from goods and products used

in the State of New York.

       5.     Upon information and belief, at all times hereinafter mentioned, defendant FUTURE MOTION, INC. expected or should have expected its acts to have consequences within the State of New York and derived substantial revenue from interstate commerce within the United States, and within the State of New York in particular.

       6.     Upon information and belief, at all times hereinafter mentioned, Defendant FUTURE MOTION, INC. was in the business of designing, selling, manufacturing and/or distributing products for the purpose of sale and use to the general public.

       7.     Upon information and belief, at all times hereinafter mentioned, defendant SUP  RENTS LLC was and still is a foreign limited liability company duly authorized to do business in the State of New York, having its principal office for the transaction of business in the City of Liberty Lake, County of Spokane and State of Washington.

       8.     Upon information and belief, at all times hereinafter mentioned, defendant SUP  RENTS LLC transacted and conducted business in the State of New York.

       9.     Upon information and belief, at all times hereinafter mentioned, defendant SUP  RENTS LLC  derived substantial revenue from goods and products used in the State of New York.

       10.     Upon information and belief, at all times hereinafter mentioned, defendant SUP  RENTS LLC expected or should have expected its acts to have consequences within the State of New York and derived substantial revenue from interstate commerce within the United States, and within the State of New York in particular.

11.     Upon information and belief, at all times hereinafter mentioned, Defendant SUP  RENTS LLC was in the business of designing, selling, manufacturing and/or distributing products for the purpose of sale and use to the general public

## JURISDICTION & VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of the State of New York and citizens or subjects of a foreign State.

13.     This Court has personal jurisdiction over the defendant herein because defendant transacts business within the State of New York and this district; has availed itself of the privilege of conducting activities within the State of New York and this district; and has engaged in the activities giving rise to this lawsuit within the State of New York and this district.

14.     Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(b) because defendant maintains offices within this district and/or are transacting business in this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## AS AND FOR A FIRST, SEPARATE & DISTINCT
## CAUSE OF ACTION
## (NEGLIGENCE)

15.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "14" with the same force and effect as though fully set forth at length herein.

3

16.     Upon information and belief, at all times hereinafter mentioned, defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them designed and manufactured, offered for sale, sold and delivered to plaintiff JARED REYNOLDS-MOHLER, either directly or indirectly, a self-balancing electric board/recreational personal transporter, often described as an electric skateboard known as a "Onewheel XR" (hereinafter "Onewheel XR").

17.     On or about March 27, 2021 at approximately 6:00 P.M., while plaintiff JARED REYNOLDS-MOHLER was riding the Onewheel XR in a southerly direction on Ocean Avenue North in the vicinity of Cooper Avenue in the City of Long Branch, County of Monmouth and State of New Jersey, in accordance with the packaged instructions, the Onewheel XR, without notice, suddenly and unexpectedly shut off while in motion causing said plaintiff to be ejected from the Onewheel XR, and which fall caused plaintiff to sustain the serious injuries hereinafter set forth.

18.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, their agents, servants and/or employees were reckless, careless and negligent in, among other things, that they failed and omitted to design, manufacture and sell a product that was reasonably safe; failed and omitted to adequately test the Onewheel XR; failed and omitted to adequately warn plaintiff of the risks and dangers associated with the use of the Onewheel XR; failed and omitted to test and explore reasonable and more safe alternative devices; failed and omitted to employ adequately skilled personnel to design, manufacture, make, offer and/or deliver a product having a properly designed and constructed means of supporting a rider such that those persons properly using the Onewheel XR would not be ejected by a sudden shutoff;

4

and the defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, their

agents, servants and/or employees, knew or should have known that a consumer would and

could be injured if such device were not properly designed and constructed; failed and omitted

to properly, reasonably and adequately design, make and manufacture the Onewheel XR in that

it would shut off suddenly and without a warning when approaching the device's limits during

use; failed and omitted to properly, reasonably and adequately design, make and manufacture

the Onewheel XR in that it would shut off suddenly and without a warning while in motion

when the battery was low; failed and omitted to properly, reasonably and adequately design,

make and manufacture the Onewheel XR in that it would shut off suddenly and without a

warning to prevent overcharging of the battery while collecting kinetic energy; failed and

omitted to properly, reasonably and adequately design, make and manufacture the Onewheel

XR in that it would shut off suddenly and without a warning while in motion when

experiencing quick acceleration; failed and omitted to properly, reasonably and adequately

design, make and manufacture the Onewheel XR in that it would shut off suddenly and without

a warning due to a software/coding issue; failed and omitted to properly, reasonably and

adequately design, make and manufacture the Onewheel XR in that it would fail to balance

while in motion without a warning; failed and omitted to properly, reasonably and adequately

design, make and manufacture the Onewheel XR in that it would suddenly and without warning

tip forward while in motion and eject riders such as plaintiff herein; failed and omitted to

properly, reasonably and adequately design, make and manufacture the Onewheel XR so that it

would display the battery charge level without the use of a separate device such as a

smartphone; and the defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of

them, their agents, servants and/or employees, knew or should have known that a consumer

would and could be injured because of the failure to warn of low battery or in other ways

display the battery charge level; failed and omitted to warn plaintiff of foreseeable dangers of

using the Onewheel XR; failed and omitted to warn plaintiff and others by suitable supervision,

warnings, instructions, brochures, pamphlets concerning the proper use of the Onewheel XR,

and the fact that no function was installed on the device to warn or display of a low battery;

failed and omitted to properly test and inspect the Onewheel XR; failed and omitted to

apprehend and comprehend a potentially imminent dangerous, hazardous and perilous accident

situation, and failed to take the necessary steps to remedy the same; failed and omitted to

provide adequate warnings, instructions, and information that would alert users to the

unreasonably dangerous risks of the Onewheel XR, including, among other things, its

unpredictable propensity to shut off suddenly while in operation, without warning, as described

above; failed and omitted to incorporate within the Onewheel XR and its design reasonable

safeguards and protections against shut offs, and the consequences thereof; failed and omitted

to make timely correction to the design of the Onewheel XR to correct the shut offs, and the

consequences thereof; failed and omitted to adequately identify and mitigate the hazards

associated with shut offs, in accordance with good engineering practices; failed and omitted to

adequately test the Onewheel XR to ensure it provided foreseeable users with reasonable safety

in foreseeable crashes; failed and omitted to design the Onewheel XR from a rider's protection

standpoint;  failed and omitted to warn foreseeable users of the unreasonably dangerous and

defective condition(s) of the device despite that defendants FUTURE MOTION, INC., SUP

6

RENTS LLC, and each of them, knew or should have known of the unreasonably dangerous condition(s); failed and omitted to disclose known problems and defects; marketing the Onewheel as reasonably safe; failed and omitted to meet or exceed internal corporate guidelines; failed and omitted to notify consumers, as required by law, that a defect exists in the Onewheel XR that relates to public safety; failed and omitted to recall the Onewheel XR or, alternatively, retrofit the device to enhance safety; failed and omitted to inform the consumer, including plaintiff, that defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, their agents knew about the propensity of shut offs causing serious injuries to riders, thus depriving consumers of the right to make a conscious or free choice in light of the known risks of operating the Onewheel XR; and in otherwise being careless and negligent.

19.     Upon information and belief, the Onewheel XR was defective when it left the control of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them; and plaintiff could not, by the exercise of reasonable care, have detected or discovered the defect.

20.     Plaintiff was seriously injured when using the Onewheel XR in the manner normally intended for its use solely as a consequence of the negligence of defendant FUTURE MOTION, INC., SUP RENTS LLC, and each of them,  in designing, manufacturing and selling a defective product.

21.     The accident and the personal injuries to plaintiff resulting therefrom were caused through and by reason of the negligence of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, by and through their agents, servants and/or employees,

with no negligence on the part of the plaintiff herein contributing thereto.

22.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, plaintiff was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

23.     By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00)  Dollars.

**AS AND FOR A SECOND, SEPARATE & DISTINCT
CAUSE OF ACTION
(NEGLIGENCE)**

24.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "23" with the same force and effect as though fully set forth at length herein.

25.     On or about April 23, 2021 at approximately 10:50 A.M., while plaintiff JARED REYNOLDS-MOHLER was riding the Onewheel XR in an easterly direction on 51st Avenue in the vicinity of Vernon Boulevard in the City of New York, County of Queens and

State of New York, in accordance with the packaged instructions, the Onewheel XR, without notice, suddenly and unexpectedly shut off while in motion causing said plaintiff to be ejected from the Onewheel XR, and which fall caused plaintiff to sustain the serious injuries hereinafter set forth.

26.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, their agents, servants and/or employees were reckless, careless and negligent in, among other things, that they failed and omitted to design, manufacture and sell a product that was reasonably safe; failed and omitted to adequately test the Onewheel XR; failed and omitted to adequately warn plaintiff of the risks and dangers associated with the use of the Onewheel XR; failed and omitted to test and explore reasonable and more safe alternative devices; failed and omitted to employ adequately skilled personnel to design, manufacture, make, offer and/or deliver a product having a properly designed and constructed means of supporting a rider such that those persons properly using the Onewheel XR would not be ejected by a sudden shutoff; and the defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, their agents, servants and/or employees, knew or should have known that a consumer would and could be injured if such device were not properly designed and constructed; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel XR in that it would shut off suddenly and without a warning when approaching the device's limits during use; failed and omitted to properly, reasonably and adequately design, make and manufacture the Onewheel XR in that it would shut off suddenly and without a warning while in motion when the battery was low; failed and omitted to properly, reasonably and adequately design,

make and manufacture the Onewheel XR in that it would shut off suddenly and without a

warning to prevent overcharging of the battery while collecting kinetic energy; failed and

omitted to properly, reasonably and adequately design, make and manufacture the Onewheel

XR in that it would shut off suddenly and without a warning while in motion when

experiencing quick acceleration; failed and omitted to properly, reasonably and adequately

design, make and manufacture the Onewheel XR in that it would shut off suddenly and without

a warning due to a software/coding issue; failed and omitted to properly, reasonably and

adequately design, make and manufacture the Onewheel XR in that it would fail to balance

while in motion without a warning; failed and omitted to properly, reasonably and adequately

design, make and manufacture the Onewheel XR in that it would suddenly and without warning

tip forward while in motion and eject riders such as plaintiff herein; failed and omitted to

properly, reasonably and adequately design, make and manufacture the Onewheel XR so that it

would display the battery charge level without the use of a separate device such as a

smartphone; and the defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of

them, their agents, servants and/or employees, knew or should have known that a consumer

would and could be injured because of the failure to warn of low battery or in other ways

display the battery charge level; failed and omitted to warn plaintiff of foreseeable dangers of

using the Onewheel XR; failed and omitted to warn plaintiff and others by suitable supervision,

warnings, instructions, brochures, pamphlets concerning the proper use of the Onewheel XR,

and the fact that no function was installed on the device to warn or display of a low battery;

failed and omitted to properly test and inspect the Onewheel XR; failed and omitted to

apprehend and comprehend a potentially imminent dangerous, hazardous and perilous accident

situation, and failed to take the necessary steps to remedy the same; failed and omitted to

provide adequate warnings, instructions, and information that would alert users to the

unreasonably dangerous risks of the Onewheel XR, including, among other things, its

unpredictable propensity to shut off suddenly while in operation, without warning, as described

above; failed and omitted to incorporate within the Onewheel XR and its design reasonable

safeguards and protections against shut offs, and the consequences thereof; failed and omitted

to make timely correction to the design of the Onewheel XR to correct the shut offs, and the

consequences thereof; failed and omitted to adequately identify and mitigate the hazards

associated with shut offs, in accordance with good engineering practices; failed and omitted to

adequately test the Onewheel XR to ensure it provided foreseeable users with reasonable safety

in foreseeable crashes; failed and omitted to design the Onewheel XR from a rider's protection

standpoint;  failed and omitted to warn foreseeable users of the unreasonably dangerous and

defective condition(s) of the device despite that defendants FUTURE MOTION, INC., SUP

RENTS LLC, and each of them, knew or should have known of the unreasonably dangerous

condition(s); failed and omitted to disclose known problems and defects; marketing the

Onewheel as reasonably safe; failed and omitted to meet or exceed internal corporate

guidelines; failed and omitted to notify consumers, as required by law, that a defect exists in the

Onewheel XR that relates to public safety; failed and omitted to recall the Onewheel XR or,

alternatively, retrofit the device to enhance safety; failed and omitted to inform the consumer,

including plaintiff, that defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of

them, their agents knew about the propensity of shut offs causing serious injuries to riders, thus depriving consumers of the right to make a conscious or free choice in light of the known risks of operating the Onewheel XR; and in otherwise being careless and negligent.

27.     Upon information and belief, the Onewheel XR was defective when it left the control of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them; and plaintiff could not, by the exercise of reasonable care, have detected or discovered the defect.

28.     Plaintiff was seriously injured when using the Onewheel XR in the manner normally intended for its use solely as a consequence of the negligence of defendant FUTURE MOTION, INC., SUP RENTS LLC, and each of them,  in designing, manufacturing and selling a defective product.

29.     The accident and the personal injuries to plaintiff resulting therefrom were caused through and by reason of the negligence of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, by and through their agents, servants and/or employees, with no negligence on the part of the plaintiff herein contributing thereto.

30.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, plaintiff was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was

12

caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

31.     By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00)  Dollars.

## AS AND FOR A THIRD, SEPARATE & DISTINCT
## CAUSE OF ACTION
## (NEGLIGENCE)

32.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "31" with the same force and effect as though fully set forth at length herein.

33.     On or about June 3, 2021 at approximately 6:30 A.M., while plaintiff JARED REYNOLDS-MOHLER was riding the Onewheel XR in an easterly direction on Flushing Avenue in the vicinity of Clinton Avenue in the City of New York, County of Kings and State of New York, in accordance with the packaged instructions, the Onewheel XR, without notice, suddenly and unexpectedly shut off while in motion causing said plaintiff to be ejected from the Onewheel XR, and which fall caused plaintiff to sustain the serious injuries hereinafter set forth.

34.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, their agents, servants and/or employees were reckless, careless and negligent in, among

other things, that they failed and omitted to design, manufacture and sell a product that was
reasonably safe; failed and omitted to adequately test the Onewheel XR; failed and omitted to
adequately warn plaintiff of the risks and dangers associated with the use of the Onewheel XR;
failed and omitted to test and explore reasonable and more safe alternative devices; failed and
omitted to employ adequately skilled personnel to design, manufacture, make, offer and/or
deliver a product having a properly designed and constructed means of supporting a rider such
that those persons properly using the Onewheel XR would not be ejected by a sudden shutoff;
and the defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, their
agents, servants and/or employees, knew or should have known that a consumer would and
could be injured if such device were not properly designed and constructed; failed and omitted
to properly, reasonably and adequately design, make and manufacture the Onewheel XR in that
it would shut off suddenly and without a warning when approaching the device's limits during
use; failed and omitted to properly, reasonably and adequately design, make and manufacture
the Onewheel XR in that it would shut off suddenly and without a warning while in motion
when the battery was low; failed and omitted to properly, reasonably and adequately design,
make and manufacture the Onewheel XR in that it would shut off suddenly and without a
warning to prevent overcharging of the battery while collecting kinetic energy; failed and
omitted to properly, reasonably and adequately design, make and manufacture the Onewheel
XR in that it would shut off suddenly and without a warning while in motion when
experiencing quick acceleration; failed and omitted to properly, reasonably and adequately
design, make and manufacture the Onewheel XR in that it would shut off suddenly and without

a warning due to a software/coding issue; failed and omitted to properly, reasonably and

adequately design, make and manufacture the Onewheel XR in that it would fail to balance

while in motion without a warning; failed and omitted to properly, reasonably and adequately

design, make and manufacture the Onewheel XR in that it would suddenly and without warning

tip forward while in motion and eject riders such as plaintiff herein; failed and omitted to

properly, reasonably and adequately design, make and manufacture the Onewheel XR so that it

would display the battery charge level without the use of a separate device such as a

smartphone; and the defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of

them, their agents, servants and/or employees, knew or should have known that a consumer

would and could be injured because of the failure to warn of low battery or in other ways

display the battery charge level; failed and omitted to warn plaintiff of foreseeable dangers of

using the Onewheel XR; failed and omitted to warn plaintiff and others by suitable supervision,

warnings, instructions, brochures, pamphlets concerning the proper use of the Onewheel XR,

and the fact that no function was installed on the device to warn or display of a low battery;

failed and omitted to properly test and inspect the Onewheel XR; failed and omitted to

apprehend and comprehend a potentially imminent dangerous, hazardous and perilous accident

situation, and failed to take the necessary steps to remedy the same; failed and omitted to

provide adequate warnings, instructions, and information that would alert users to the

unreasonably dangerous risks of the Onewheel XR, including, among other things, its

unpredictable propensity to shut off suddenly while in operation, without warning, as described

above; failed and omitted to incorporate within the Onewheel XR and its design reasonable

15

safeguards and protections against shut offs, and the consequences thereof; failed and omitted to make timely correction to the design of the Onewheel XR to correct the shut offs, and the consequences thereof; failed and omitted to adequately identify and mitigate the hazards associated with shut offs, in accordance with good engineering practices; failed and omitted to adequately test the Onewheel XR to ensure it provided foreseeable users with reasonable safety in foreseeable crashes; failed and omitted to design the Onewheel XR from a rider's protection standpoint; failed and omitted to warn foreseeable users of the unreasonably dangerous and defective condition(s) of the device despite that defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, knew or should have known of the unreasonably dangerous condition(s); failed and omitted to disclose known problems and defects; marketing the Onewheel as reasonably safe; failed and omitted to meet or exceed internal corporate guidelines; failed and omitted to notify consumers, as required by law, that a defect exists in the Onewheel XR that relates to public safety; failed and omitted to recall the Onewheel XR or, alternatively, retrofit the device to enhance safety; failed and omitted to inform the consumer, including plaintiff, that defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, their agents knew about the propensity of shut offs causing serious injuries to riders, thus depriving consumers of the right to make a conscious or free choice in light of the known risks of operating the Onewheel XR; and in otherwise being careless and negligent.

35.     Upon information and belief, the Onewheel XR was defective when it left the control of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them; and plaintiff could not, by the exercise of reasonable care, have detected or discovered the

defect.

36.     Plaintiff was seriously injured when using the Onewheel XR in the manner normally intended for its use solely as a consequence of the negligence of defendant FUTURE MOTION, INC., SUP RENTS LLC, and each of them,  in designing, manufacturing and selling a defective product.

37.     The accident and the personal injuries to plaintiff resulting therefrom were caused through and by reason of the negligence of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, by and through their agents, servants and/or employees, with no negligence on the part of the plaintiff herein contributing thereto.

38.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, plaintiff was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

39.     By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00)  Dollars.

## AS AND FOR A FOURTH, SEPARATE & DISTINCT
## CAUSE OF ACTION
## (FAILURE TO WARN)

40.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "39" with the same force and effect as though fully set forth at length herein.

41.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Onewheel XR in the course of its business and continued to do so.

42.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, did in fact develop, test, assemble, manufacture, package, label, prepare, distribute, market, retail, supply, and/or sell the Onewheel XR, including the distribution of promotional materials, publicity, and/or information to plaintiff, including but not limited to, the information printed on the instructions for use, labeling, and/or packaging.

43.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, expected the Onewheel XR to reach consumers in the State of New York, including plaintiff without substantial change in the condition.

44.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, failed to adequately warn the public, including plaintiff, of the risk of suffering the type and manner of injuries suffered by plaintiff, which risks and/or dangers were known or should have been known to defendants.

18

45.     The Onewheel XR, and the sales and promotional materials, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, retailed, supplied, and/or sold by defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, were defective, including one or more of the following particulars:

a.     The Onewheel XR was not properly designed and constructed to support a rider such that those persons properly using the Onewheel XR would not be ejected by a sudden shutoff;

b.     The Onewheel XR was not properly designed and constructed so that it would shut off suddenly and without a warning when approaching the device's limits during use;

c.     The Onewheel XR was not properly designed and constructed so that it would shut off suddenly and without a warning while in motion when the battery was low;

d.     The Onewheel XR was not properly designed and constructed so that it would shut off suddenly and without a warning to prevent overcharging of the battery while collecting kinetic energy;

e.     The Onewheel XR was not properly designed and constructed so that it would shut off  suddenly and without a warning while in motion when experiencing quick acceleration;

f.     The Onewheel XR was not properly designed and constructed so that it would shut off suddenly and without a warning while in motion, due to a software/coding

19

issue.

        g.     The Onewheel XR was not properly designed and constructed so that it would fail to balance while in motion without a warning;

        h.     The Onewheel XR  was not properly designed and constructed so that it would suddenly and without warning tip forward and eject riders while in motion such as plaintiff herein;

        i.     The Onewheel XR was not properly designed and constructed to display the battery charge level without the use of a separate device such as a smartphone;

        46.     The Onewheel XR, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, retailed, supplied, and/or sold by defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, was sold to plaintiff and was unreasonably dangerous when sold due to the possibility of stopping suddenly and without warning while in motion.

        47.     As a direct and proximate result of defendants' failure to adequately warn of this risk, plaintiff has suffered damages including injury, and physical and mental pain and suffering.

        48.     Plaintiff has also incurred expenses and economic losses.

        49.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, failed to adequately warn plaintiff.  Defendants and each of them knew the Onewheel XR designed, marketed, manufactured, sold, and distributed by said defendants was defective and

not reasonably safe, thereby showing complete indifference to or conscious disregard for plaintiff's safety and the safety of the general public.

       50.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, plaintiff was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

       51.     By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00)  Dollars.

**AS AND FOR A FIFTH, SEPARATE & DISTINCT**
**CAUSE OF ACTION**
**(BREACH OF WARRANTY)**

       52.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "51" with the same force and effect as though fully set forth at length herein.

       53.     Defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of

them, breached their implied warranty of merchantability and fitness for a particular purpose in that Onewheel XR was not of merchantable quality, nor was it fit for the use for which it was intended.

54.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, plaintiff was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

55.     By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than Five Million ($5,000,000.00)  Dollars.

### AS AND FOR A SIXTH, SEPARATE & DISTINCT
### CAUSE OF ACTION
### (STRICT LIABILITY)

56.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs "1" through "55" with the same force and effect as though fully set forth at length herein.

22

57.     The Onewheel XR designed, marketed, manufactured, and distributed by defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, was defective and not reasonably safe.

58.     Plaintiff was using the Onewheel XR in a reasonable and proper manner and in accordance with the packaged instructions; and as a consequence, defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, are strictly liable in connection with the design and manufacture of the Onewheel XR, as aforesaid.

59.     As a foreseeable, direct and proximate result of the wrongful acts and omissions of defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, plaintiff was caused to sustain serious, severe and painful personal injuries, was rendered sick, sore, lame, disabled, and otherwise infirm, suffering internal injuries, physical pain, and mental anguish; was compelled to seek medical care and attention, incurring expenses in connection therewith, in an attempt to rectify and remedy his sick, sore, lame, and disabled condition; was caused to undergo numerous surgical procedures; was caused to be incapacitated from his employment and usual activities; was caused to experience severe physical and psychological pain, suffering, required surgery and treatment, incurred expenses, lost earnings, shortened life expectancy, and in other respects, was damaged.

60.     By reason of the foregoing, plaintiff Five Million ($5,000,000.00) Dollars.

**JURY DEMAND**

61 .    Plaintiffs hereby demand trial by jury.

23

**RELIEF**

**WHEREFORE**, plaintiff demands judgment against defendants, as follows:

1.      On the First Cause of Action against defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

2.      On the Second Cause of Action against defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

3.      On the Third Cause of Action against defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

4.      On the Fourth Cause of Action against defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

5.      On the Fifth Cause of Action against defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

6.      On the Sixth Cause of Action against defendants FUTURE MOTION, INC., SUP RENTS LLC, and each of them, for compensatory and punitive damages in an indeterminate sum of not less than Five Million ($5,000,000.00) Dollars;

Together with interest, counsel fees and the costs and disbursements of this

action.

Dated: New York, New York
January 20, 2022

\S\
_____
Steven T. Halperin, Esq. (STH-8723)
Jeffrey Weiskopf, Esq. (JW-3827)
HALPERIN, HALPERIN &
          WEISKOPF, PLLC
Attorneys for Plaintiffs
JARED REYNOLDS-MOHLER
Office & P.O. Address
18 East 48th Street, Suite 1001
New York, New York  10017-1014
(212) 935-2600
(212) 935-2390 (Fax)